### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### TRENTON DIVISION

| | |
|---|---|
| **DAWN VAN BRUNT**<br>364 Westwood Ave., Apt. 81<br>Long Branch, NJ 07740 | Case No. |
| | Judge |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **WELLS FARGO BANK, N.A.**<br>420 Montgomery Street<br>San Francisco, CA 94104 | **(Jury demand endorsed hereon)** |
| Defendant. | |

Plaintiff Dawn Van Brunt, through counsel, for her Complaint against Defendant Wells Fargo Bank, N.A., states:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Dawn Van Brunt ("Plaintiff" or "Van Brunt") was the owner of residential real property, located at and commonly known as 4101 Dairy Court, Freehold, NJ 07728 (the "Property") which she occupied as her primary, principal residence until her family was removed by the Sheriff.

2.      Van Brunt is a natural person residing in Monmouth County, New Jersey at her residence of 364 Westwood Ave., Apt. 81, Long Branch, NJ 07740.

3.      From approximately July 12, 2007 to July 11, 2017, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") was the servicer of a note executed by Van Brunt (the "Note") and of a mortgage on the Property that secures said note (the "Mortgage") (collectively, the "Loan"). The Mortgage is attached as ***Exhibit 1.***

4.     Wells Fargo is an incorporated business under the laws of the State of Delaware that maintains its principal place of business at 101 N. Phillips Ave., Sioux Falls, SD 57104.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy as more fully detailed throughout the Complaint exceeds $75,000.00 exclusive of damages sought of a punitive nature and/or interest and costs, and is between citizens of different States.

6.     This Court has supplemental jurisdiction to hear all state law statutory and common law claims pursuant to 28 U.S.C. § 1367.

7.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

8.     Van Brunt has a private right of action under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.* (the "CFA"), and such action provides for actual damages, treble damages, reasonable attorneys' fees, filing fees, and reasonable costs of suit. N.J.S.A. § 56:8-19.

## **FACTUAL BACKGROUND**

9.     This case concerns material errors when Wells Fargo, in processing a loss mitigation application from Van Brunt and in otherwise discharging its contractual obligations to the owner of the loan and to Van Brunt as borrower, by its own admission, improperly denied Van Brunt a trial modification based on a "faulty calculation" and then concealed the existence of the improper denial for nearly three years after the "faulty calculation" was allegedly corrected.

2

10.     In 2009, Van Brunt had to leave her job in patient care to become the caretaker of her ill father and brother. As a result, Van Brunt experienced financial difficulties and defaulted on the Loan.

11.     In February 2012, Van Brunt reached out to Wells Fargo in an effort to obtain a loan modification to keep the Property.

12.     Meanwhile, on November 19, 2012, Wells Fargo filed a foreclosure action in the Monmouth County Superior Court, Case No. F-027129-12 (the "Foreclosure Case"). The Foreclosure Case Docket is attached as *Exhibit 2*.

13.     On or about October 11, 2013, Wells Fargo told Van Brunt she did not qualify for a loan modification.

14.     Van Brunt and her family were forced to move out of the Property on or about September 3, 2014.

15.     The Foreclosure Case did not conclude until July 11, 2017.

16.     On or about August 3, 2018, Wells Fargo filed a Form 10-Q with the United States Securities and Exchange Commission. The Form 10-Q is attached as *Exhibit 3*.

17.     The Form 10-Q identified a:

> [C]alculation error that affected certain accounts that were in the foreclosure process between April 13, 2010, and October 20, 2015, when the error was corrected … [a]s a result of this error, approximately 625 customers were incorrectly denied a loan modification or were not otherwise offered a modification in cases where they would have otherwise qualified. In approximately 400 of these instances … a foreclosure was completed.

*See Exhibit 3*.

18.     On or about September 20, 2018, Wells Fargo sent correspondence to Van Brunt (the "WF Letter") with the subject: "We made a mistake when we reviewed you for payment assistance." The WF Letter is attached as ***Exhibit 4***.

19.     The WF Letter admits that "Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A." *See Exhibit 4*.

20.     The WF Letter states:

> We have some difficult news to share. When you were considered for a loan modification, you weren't approved, and now we realize that you should have been. We based our decision on a faulty calculation, and we're sorry. **If it had been correct, you would have been approved for a trial modification.**
>
> **We want to make things right.**

*See Exhibit 4* (emphasis added).

21.     Through the WF Letter, Wells Fargo provided Van Brunt with a check in the amount of Twenty Five Thousand Dollars ($25,000.00).

22.     The WF Letter states that if Van Brunt feels that Wells Fargo has not "made things right" she could consider mediation and still cash the check. *See Exhibit 4*.

23.     As Van Brunt did not feel that Wells Fargo "made things right", on or about October 8, 2018, she filled out the mediation form (the "Mediation Request Form"). The Mediation Request Form is attached as ***Exhibit 5***.

24.     The Mediation Request Form stipulates that Van Brunt is "not waiving any legal claims by participating in the process." *See Exhibit 5*.

25.     Van Brunt supplemented the Mediation Request Form to explain how Wells Fargo's "faulty calculation" affected her life (the "Financial Rationale"). The Financial Rationale is attached as ***Exhibit 6***.

26.     In the Financial Rationale, Van Brunt details the damages caused by Wells Fargo's wrongful decision. *See Exhibit 6.*

27.     On December 28, 2018, the parties attended an unsuccessful three hour mediation in an attempt to resolve this matter.

28.     The alleged mediation was governed by as set of rules established by Wells Fargo that the mediator failed to provide to Van Brunt or her counsel. Wells Fargo representatives who participated also failed to provide any information regarding the specifics of the "faulty calculation".

29.     Enticing Van Brunt to sit on her rights and wait for this sham mediation to take place constitutes an additional unconscionable business practice.

30.     As Wells Fargo failed to "make things right", Van Brunt retained DannLaw to file the current matter against Wells Fargo for violations of the CFA, the covenant of good faith and fair dealing, and common law fraud based upon the wrongful denial of the loss mitigation application and concealment of the calculation error for nearly three (3) years, all to Van Brunt's great prejudice and damage.

31.     Wells Fargo's conduct directly and proximately caused the following damages to Van Brunt:

    A.     Wells Fargo took away the opportunity for Van Brunt to obtain a permanent loan modification and remain in the Property;
    B.     Van Brunt had to forfeit her Section 8 eligibility of $200.00 monthly in order to enter into the Loan and lost out on its benefits for the last four plus years;

C.    Van Brunt has been forced to pay rent since losing the Property that has been at least $150.00 per month higher than her mortgage for the last four plus years;

D.    Due to credit screening, Van Brunt's previous employer would not rehire her and she had to accept a large salary reduction as the foreclosure and delays in reviewing her loss mitigation application destroyed her credit;

E.    Van Brunt had to retain legal counsel to file this complaint which would have never been needed had Wells Fargo correctly offered Van Brunt a trial modification or met Van Brunt demands in mediation;

F.    Van Brunt has sought medical treatment for two major strokes and multiple minor strokes resulting from the lasting effect of the stress caused by Wells Fargo;

G.    Van Brunt suffered extreme emotional distress, resulting from:

  a.    The unproductive and repetitive loss mitigation process;

  b.    The wrongful denial of her loss mitigation application due to the "faulty calculation" error;

  c.    The continuance of the foreclosure after the "faulty calculation" error;

  d.    The loss of the home that her two children grew up in;

  e.    Four years of on and off homelessness of her family; and,

  f.    The ongoing medical issues.

H.    Van Brunt hoped and believed that by entering into a trial modification and a permanent modification of the Loan that she would be able to immediately begin the long process of improving her credit standing.

  a.    Wells Fargo reported Van Brunt to the Credit Reporting Agencies as delinquent on the Loan leaving her unable to obtain credit or insurance at reasonable rates;

  b.    Van Brunt could not obtain an automobile loan;

  c.    Van Brunt could not be a co-signer on her son's student loans;

  d.    Although Wells Fargo stated it would reach out to the Credit Reporting Agencies to remove any negative reporting, it waited years to correct the damage (even apparently after it knew it had made a mistake by not approving her for a trial modification). *See Exhibit 4*.

**COUNT ONE**
**VIOLATION OF N.J.S.A § 56:8-2, THE CONSUMER FRAUD ACT (CFA)**

6

32.     Van Brunt restates and incorporates all of her statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

33.     Van Brunt is a "person" as defined by N.J.S.A. § 56:8-1(d) as she is a natural person.

34.     Wells Fargo is a "person" as defined by N.J.S.A. § 56:8-1(d) because Wells Fargo is a partnership, corporation, company, trust, business entity, or business association.

35.     The CFA prohibits:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate...

N.J.S.A. § 56:8-2.

36.     In the operation of its business, Wells Fargo engaged in the use of unlawful practices through its conduct relating to Van Brunt's loss mitigation review and aggressively pursuing foreclosure against her.

37.     The CFA applies to mortgage servicing generally and to unconscionable business practices with regard to modification of mortgage loans.

38.     Despite Van Brunt having complied with all the obligations as required by Wells Fargo's loss mitigation process and otherwise qualifying for a trial modification, Wells Fargo misrepresented to Van Brunt that she had not qualified for the trial modification, when in fact she <u>had</u> qualified for the trial modification program which would have allowed her to remain in the property. *See Exhibit 4.*

39.     As a result of this deception, misrepresentation and unconscionable business practice, Wells Fargo continued with the foreclosure action.

40.     Wells Fargo admits that but for its error, Van Brunt "would have been approved for a trial modification." *See Exhibit 4*.

41.     Wells Fargo's affirmative misrepresentation in 2013 about Van Brunt not qualifying for a loan modification constitutes an unlawful practice under the CFA.

42.     Wells Fargo discovered the existence of the "faulty calculation" as early as October 20, 2015, but knowingly concealed or omitted this information from Van Brunt, the other impacted borrowers, and its shareholders until nearly three years later.

43.     These acts in concealing the "faulty calculation" constitute unlawful acts in violation of the CFA.

44.     Wells Fargo admits the "faulty calculation" error began in April 23, 2010, yet the error was still affecting customers three years later during the time of Van Brunt's loan modification review. Wells Fargo's failure to fix the "faulty calculation" during this 3-year period constitute an unconscionable commercial practice in violation of the CFA.

45.     In the operation of its business, Wells Fargo has engaged in the use of unconscionable, deceptive, and/or fraudulent commercial practices through its conduct in failing to provide complete information to borrowers who request information about the "faulty calculation" or information specific to their individual loan.

46.     Each unconscionable practice, false promise, misrepresentation, and/or knowing omission of material fact by Wells Fargo described, *supra*, constitutes a separate violation under the CFA.

47.     Wells Fargo's conduct has caused Van Brunt to suffer ascertainable losses, as plead, *supra*, at ¶ 31.

## COUNT TWO
## VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

48.     Van Brunt restates and incorporates all of her statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

49.     Wells Fargo is in privity of contract with Van Brunt, through the Loan, and as such is obligated by contract and common law to act in good faith and to deal fairly with Van Brunt. *See Exhibit 1*.

50.     The purpose of the covenant of good faith and fair dealing is to guarantee that the parties remain committed to the intended and agreed upon expectations of the parties in their performance.

51.     Wells Fargo has breached this duty by delaying the loss mitigation process, ultimately denying Van Brunt the benefit of a trial modification based on a "faulty calculation", and continuing the foreclosure process.

52.     Wells Fargo has acted in bad faith, dishonestly, and with an improper motive to injure the rights of Van Brunt.

53.     Van Brunt suffered actual damages, as plead, *supra*, at ¶ 31, that were caused by Wells Fargo's conduct.

## COUNT THREE
## COMMON LAW FRAUD

54.     Van Brunt restates and incorporates all of her statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

55.     A cause of action for New Jersey common law fraud requires a plaintiff to prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.

56.     Wells Fargo made material misrepresentations of a presently existing or past fact when it misrepresented to Van Brunt in 2013 that she did not qualify for a loan modification.

57.     Wells Fargo was aware of this faulty calculation since at least October 20, 2015 yet continued to conceal this error from Van Brunt until discretely disclosing this information in their August 3, 2018 10-Q.

58.     Wells Fargo continues to conceal the details surrounding the "faulty calculation" error and refuses to provide Van Brunt with more information relating to her loss mitigation denial and how Wells Fargo discovered and corrected the error.

59.     Wells Fargo knew or should have known that the misrepresentations were false, as inferred by its unexplainable conduct in failing to notify Van Brunt, and other borrowers who lost their homes, of the "faulty calculation" for nearly three years after the error was corrected.

60.     Wells Fargo intended that Van Brunt rely on the misrepresentations in order to continue with the Foreclosure Case and avoid potential legal claims.

61.     Van Brunt reasonably relied on the misrepresentations because there was no possible way to discover that she was wrongfully denied until Wells Fargo informed her nearly five years later of the "faulty calculation".

62.     Van Brunt suffered actual damages, as plead, *supra*, at ¶ 31, that were caused by Wells Fargo's conduct.

63.     As Wells Fargo's conduct was willfully and wantonly reckless or malicious, Van Brunt is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Dawn Van Brunt prays that this Court enter its order granting judgment against Defendant Wells Fargo Bank, N.A. for the following:

A.     Actual damages of at least $75,000.00 and in the amount to be determined at trial as to Counts One, Two, and Three;

B.     Treble damages as to Count One;

C.     Costs and reasonable attorney fees as to Count One;

D.     Punitive damages as to Counts One and Three;

E.     Such other relief which this Court may deem appropriate.


Respectfully submitted,

/s/ Javier L. Merino
Javier L. Merino
DannLaw
1 Meadowlands Plaza, Suite 200
East Rutherford, NJ 07073
(216) 373-0539
Fax (216) 373-0536
notices@dannlaw.com

## **JURY DEMAND**

Van Brunt hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Javier L. Merino
Javier L. Merino
DannLaw