## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAWN VAN BRUNT,

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

Case No. 3:19-cv-00170-BRM-TJB

(Filed Electronically)

---

## WELLS FARGO BANK, N.A.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

---

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ..................................................................................................1

    A.    The HOA's Foreclosure Sale Was the Cause of Van Brunt's Loss ......1

    B.    Van Brunt Has Not Sufficiently Pled the Knowledge, Reliance, or Causation Elements of Her Fraud-Based Claims ..................................3

    C.    Van Brunt's Implied Covenant Claim Should Be Dismissed ..............8

    D.    The IIED Allegations Fall Far Short of New Jersey's High Bar ........10

    E.    Van Brunt's Economic Loss Arguments Are Futile ..........................13

    F.    Van Brunt Is Not Entitled to Punitive Damages ...............................15

CONCLUSION .........................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcand v. Brother Int'l Corp.*,
    673 F. Supp. 2d 282 (D.N.J. 2009) ...................................................3, 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................3, 11

*Biederman v. Mitsubishi Motors Credit of Am., Inc.*,
    753 A.2d 1251 (N.J. Super. L. Div. 2000) ..........................................9

*Buckley v. Trenton Sav. Fund Soc'y*,
    111 N.J. 355 (1988) ..............................................................12, 15

*Carter Lincoln-Mercury, Inc., Leasing Div. v. EMAR Grp., Inc.*,
    638 A.2d 1288 (N.J. 1994) .........................................................13

*Fink v. Bishop*,
    2015 U.S. Dist. LEXIS 77589 (D.N.J. June 16, 2015) .........................8

*Fogarty v. Household Fin. Corp. III*,
    2015 U.S. Dist. LEXIS 23064 (D.N.J. Feb. 25, 2015) .............4, 5, 11, 12

*Frungillo v. Imperia Entm't, Inc*
    2009 U.S. Dist. LEXIS 89863 (D.N.J. Sep. 28, 2009) ........................15

*Gorodeski v. U.S. Bank N.A.*,
    2016 U.S. Dist. LEXIS 2862 (D.N.J. Jan. 11, 2016) .........................11

*Grimsley v. Manitowoc Co.*,
    2019 U.S. Dist. LEXIS 14580 (M.D. Pa. Jan. 30, 2019) ......................3

*Hernandez v. M&T Bank,*
    2016 U.S. Dist. LEXIS 23936 (D.N.J. Feb. 25, 2016) ......................8, 9

*Hoffman v. Citibank, N.A.*,
    2018 U.S. Dist. LEXIS 148059 (D.N.J. Aug. 30, 2018) (Martinotti,
    J.) .........................................................................10, 11, 16

*Hoffman v. Liquid Health, Inc.*,
    2014 WL 2999280 (D.N.J. July 2, 2014) .........................................6

*In re Intelligroup Sec. Litig.*,
    468 F. Supp. 2d 670 (D.N.J. 2006) ......................................................................3

*Kraft v. Wells Fargo & Co.*,
    No. 16-cv-05729, 2019 U.S. Dist. LEXIS 127579 (D.N.J. July 31,
    2019) (Martinotti, J.) ........................................................................................13

*Marias v. Bank of Am., N.A.*,
    2015 U.S. Dist. LEXIS 86121 (D.N.J. July 1, 2015) .......................................14

*Marrero v. Camden Cty. Bd. of Soc. Servs.*,
    164 F. Supp. 2d 455 (D.N.J. 2001) ...................................................................12

*Martino v. Everhome Mortg.*,
    639 F. Supp. 2d 484 (D.N.J. 2009) ...................................................................14

*McKenna v. Bank of Am.*,
    2010 WL 2985643 (D.N.J. July 26, 2010) ..........................................................7

*Montrose Med. Grp. Participating Sav. Plan v. Bulger*,
    243 F.3d 773 (3d Cir. 2001) ................................................................................3

*Mosley v. Del. River Port Auth.*,
    2000 U.S. Dist. LEXIS 22402 (D.N.J. Aug. 7, 2000) .......................................12

*Pim Brands LLC v. Cabot Acquisition, LLC*,
    2008 N.J. Super. Unpub. ...................................................................................14

*Rudel Corp. v. Heartland Payment Sys., Inc.*,
    2016 WL 4472944 (D.N.J. Aug. 23, 2016) ..........................................................7

*Saltiel v. GSI Consultants, Inc.*,
    170 N.J. 297 (2002) ..........................................................................................14

*Skypala v. Mortg. Elec. Registration Sys., Inc.*,
    655 F. Supp. 2d 451 (D.N.J. 2009) ...................................................................13

*Sons of Thunder v. Borden, Inc.*,
    690 A.2d 575 (1997) ............................................................................................9

*Tafaro v. Six Flags Great Adventure, LLC*,
    2018 WL 1535289 (D.N.J. Mar. 29, 2018) .......................................................15

iii

*U.S. Bank N.A. v. Curcio*,
  444 N.J. Super. 94 (Super. Ct. App. Div. 2016)...................................................10

*Williams v. Wells Fargo Bank, N.A.*,
  2016 WL 4370033 (D.N.J. Aug. 9, 2016) ..........................................................12

**Statutes**

N.J.S.A. 2A:15-5.............................................................................................15

New Jersey Consumer Fraud Act ............................................................................5

**Other Authorities**

Fed. R. Civ. P. 9(b) ...................................................................................3, 5, 8

Van Brunt's Opposition to the Motion to Dismiss the First Amended Complaint ("FAC") reinforces Wells Fargo's argument that Van Brunt lost the Property as a result of her HOA's foreclosure sale—not Wells Fargo's conduct.  Van Brunt admits in the Opposition that her ownership interest in the Property was extinguished upon the sale of the home to third-party Rybakov.  There is thus no merit to the premise of Van Brunt's lawsuit: that Wells Fargo's erroneous denial and foreclosure of the Loan caused her alleged harm.  This lack of causation disposes of all her claims.  Moreover, Van Brunt's fraud-based claims should be dismissed for failure to plead Wells Fargo's knowledge of erroneous denials at the relevant times, intent that Van Brunt rely on the alleged concealment, or plausible detrimental reliance; her intentional infliction of emotional distress ("IIED") allegations fall far short of New Jersey's "exceedingly high" standard; and her non-statutory tort claims warrant dismissal under the economic loss doctrine.  The FAC should be dismissed.

## **ARGUMENT**

### **A.    The HOA's Foreclosure Sale Was the Cause of Van Brunt's Loss**

Van Brunt's Opposition supports Wells Fargo's argument that the HOA's foreclosure sale—not Wells Fargo's—was the cause of Van Brunt's loss. Contending that Wells Fargo is judicially estopped from making this argument, Van Brunt directs the Court to the Appellate Division's holding in *Wells Fargo Bank, N.A. v. Rivera* that third-party purchaser Rybakov "acquire[d] . . . what, if anything,

remained of [Van Brunt's] ownership interest in the underlying property," not the HOA's judgment lien.  Opp'n at 8 (citing 2016 N.J. Super. Unpub. LEXIS 1285, at *10 (Super. Ct. App. Div. June 6, 2016) (Opp'n Ex. 1)).  Van Brunt apparently takes this to mean that only Wells Fargo, not Rybakov or the HOA, could have "forced Van Brunt out of her home and . . . extinguished her claim to the home."  *Id*. at 7.

In fact, the significance of this holding is just the opposite: it expressly states that it was *Rybakov's* purchase that extinguished Van Brunt's entire ownership interest in the Property *at the time of the HOA's foreclosure sale*—if she had any remaining at all.  *Rivera*, Opp'n Ex. 1, at *10; *contra* Opp'n at 2.  Indeed, Rybakov "received a sheriff's deed to the Property."  Opp'n at 1-2 (quoting *Rivera*); RJN Ex. E.  The fact that Rybakov's deed was subject to Wells Fargo's mortgage lien is irrelevant to the issue of *Van Brunt's* interest in the Property, which no longer existed once Rybakov's purchase was completed in February 2014, *i.e.*, Van Brunt's "claim to her home" had already been "extinguished."  *See Rivera*, Opp'n Ex. 1, at *10; *contra* Opp'n at 7.  Accordingly, the HOA's foreclosure breaks the alleged chain of causation between the erroneous denial, Wells Fargo's foreclosure, and Van Brunt's loss.  *See* Mot. at 6-9.  As Van Brunt cannot plead, in light of these judicially noticeable facts[1]—and her own arguments—that the loss she suffered is "a result of

---

[1] Van Brunt cannot plead "around" inconvenient facts.  Notwithstanding her personal knowledge of the intervening HOA foreclosure, and Wells Fargo's motion to dismiss on that basis prior to amendment, Van Brunt filed her FAC without

[Wells Fargo's] alleged unlawful conduct," the FAC should be dismissed in its entirety. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim lacks facial plausibility when a court cannot reasonably infer "that the defendant is liable for the misconduct alleged"); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009).[2]

### B.   Van Brunt Has Not Sufficiently Pled the Knowledge, Reliance, or Causation Elements of Her Fraud-Based Claims

<u>Knowledge</u>.   Van Brunt argues in essence that she should be permitted to substitute rampant speculation for the pleading requirements of *Twombly*, *Iqbal*, and Rule 9(b) because Wells Fargo did not provide her with full discovery before she

---

mention of the HOA foreclosure.  This District has previously dismissed complaints that omit material causation facts and should rule accordingly here.  *See In re Intelligroup Sec. Litig.*, 468 F. Supp. 2d 670, 703 (D.N.J. 2006) (dismissing complaint that "simply ignore[d] the existence" of material facts that "mainly" caused plaintiffs' alleged harm).

[2] Contrary to the Opposition, judicial estoppel has no application here.  Van Brunt argues that "Wells Fargo is judicially estopped from trying to claim that the HOA's foreclosure caused Van Brunt to lose her home."  Opp'n at 8.  But Van Brunt fails to explain, as she must, how Wells Fargo "in bad faith" took an "irreconcilably inconsistent" position in the *Rivera* action.  *See Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779-80 (3d Cir. 2001).  In fact, Van Brunt does not identify the position Wells Fargo allegedly took in *Rivera* at all—she cites only the *Rivera* court's holding, which is silent on this issue (as is the entire opinion, aside from the court's declination of Wells Fargo's request to dismiss the case as moot).  *See* Opp'n at 7-8; *see generally Rivera*.  "Nothing in the record demonstrates that" Wells Fargo took any position inconsistent with its causation arguments in this action, and Van Brunt "cannot rely on th[e *Rivera* court's] decision to manufacture a contradiction."  *See Grimsley v. Manitowoc Co.*, No. 1:15-cv-1275, 2019 U.S. Dist. LEXIS 14580, at *14 (M.D. Pa. Jan. 30, 2019).  Wells Fargo thus is not judicially estopped from making the causation arguments herein.

filed her FAC.[3]  Throughout the Opposition, Van Brunt blames her inability to plead claim-critical facts on Wells Fargo's alleged failure to provide her with "the details related to the faulty calculation and . . . *more* information explaining how this calculation caused her to be denied for a trial modification or how Wells Fargo discovered and corrected the error." *E.g.* Opp'n at 18, 19.[4]  Van Brunt reiterates this excuse notwithstanding that she has not alleged any legal duty Wells Fargo has to provide her this information, nor is Wells Fargo aware of one.  *Compare Fogarty v. Household Fin. Corp. III*, No. 14-4525 (RBK/JS), 2015 U.S. Dist. LEXIS 23064, at *28 n.9 (D.N.J. Feb. 25, 2015):

> Plaintiff apparently also argues [defendant] engaged in misrepresentation by failing to disclose information where it was under a duty to do so.  However, Plaintiff has not indicated what obligated [defendant] to disclose information to Plaintiff . . . Likewise, Plaintiff has made numerous allegations concerning what documentation [defendant] apparently failed to provide in order to facilitate her investigation of the fraud, but she has not alleged that [defendant] was required to provide her with that information upon her request.

The *Fogarty* court rejected the fraud claim for failure to allege "any facts suggesting [defendant] actually knew it was making misrepresentations to [her]."  *Id*. at *28.

Van Brunt's FAC suffers from the same defects: she baselessly interposes that Wells Fargo knew the denial of Van Brunt's trial modification was erroneous when

---

[3] Wells Fargo voluntarily provided Van Brunt her entire loan file before she filed the FAC.  Opp'n at 13.

[4] Unless otherwise indicated, emphases have been added and internal citations and quotation marks omitted throughout.

made and at the alleged time of concealment. *See, e.g.*, Opp'n at 17. But the FAC alleges no facts as to when Wells Fargo learned that (i) the calculation error had impacted trial loan modification decisions, or (ii) that one of Van Brunt's trial loan modification applications had been impacted. Such unfounded allegations cannot satisfy the knowledge requirements of the New Jersey Consumer Fraud Act ("CFA") concealment and common law fraud claims under the heightened standard of Rule 9(b). *See Fogarty*, 2015 U.S. Dist. LEXIS 23064, at *29 (dismissing fraud claim where plaintiff "only offer[ed] conclusory allegations to suggest that [defendant] could not reasonably have investigated the matter and concluded that" the alleged conduct had not impacted plaintiff as claimed). Van Brunt's insistent allegations that Wells Fargo knew she had been impacted by the calculation error "since at least October 20, 2015," just because it knew of the existence of the calculation error by that time, are equally conclusory and cannot support her fraud-based claims. *Id*.

Reliance. Van Brunt claims Wells Fargo intended she rely on the alleged concealment of the erroneous denial in order to "take" her home by means of foreclosure and "avoid potential legal claims." Opp'n at 18-19. She asserts that she relied to her detriment on the alleged concealment by "abandoning her fight to stop foreclosure" and "not bringing potential legal claims for years." *Id*. at 20. These contentions fall short of the "onerous standard" Van Brunt must meet to state her fraud-based claims, as she cannot allege facts that demonstrate Wells Fargo intended

for her to rely on the alleged concealment, and her purported reliance thereon seeks relief for harm that occurred *before* she alleges the concealment period commenced. *See Hoffman v. Liquid Health, Inc.*, No. 14–01838, 2014 WL 2999280, at *10 (D.N.J. July 2, 2014); Mot. at 18.

Van Brunt argues that she "reasonably relied" on the alleged concealment "because there was no possible way for her to discover the wrongful denial until she received the September 12, 2018 letter" (Opp'n at 19) and she therefore "could not file the instant matter in 2015" (*id.* at 13). But Van Brunt does not allege facts to show, as she must, that Wells Fargo *intended* that reliance. *Arcand*, 673 F. Supp. 2d at 291. She offers only conclusory conjecture on this point. *See* Opp'n at 18; FAC ¶ 88. This pleading deficiency is fatal to Van Brunt's CFA claim, as CFA liability only attaches to an omission where the defendant acted "with the intention that the consumer rely upon the concealment." *Arcand*, 673 F. Supp. 2d at 297.

Nor is Van Brunt's reliance argument plausible under the allegations in the FAC. Van Brunt claims that she "relied on Wells Fargo's concealment by abandoning her fight to stop foreclosure" (Opp'n at 20). But by the time she alleges the concealment began in 2015 (FAC ¶ 70), she had already lost her entire interest in the Property to a third-party purchaser in the HOA's February 2014 foreclosure sale, and Wells Fargo had already obtained a July 2014 foreclosure judgment. Opp'n

6

at 8 (citing *Rivera*, Opp'n Ex. 1, at *10); FAC Ex. 2.[5]  Wells Fargo would not have intended that Van Brunt rely on any omission post-dating 2014 in order to "continue[] foreclosure."  Opp'n at 15.  The nonsensical timing upon which Van Brunt bases her argument renders implausible any allegation that the Bank "intended" for Van Brunt to rely on an omission in 2015.  *Cf. McKenna v. Bank of Am.*, No. 10–1848 (JAP), 2010 WL 2985643, at *3 (D.N.J. July 26, 2010).

Van Brunt cannot even plausibly allege that there was an ongoing "fight to stop foreclosure" (Opp'n at 20) for her to abandon: between Wells Fargo's initiation of foreclosure in November 2012 and entry of a foreclosure judgment on July 2, 2014, Van Brunt made exactly zero appearances in the foreclosure proceeding and filed not a single answer, objection, or other form in opposition to the impending foreclosure of her Property.  RJN Ex. F (foreclosure judgment stating "default [was] entered against [the *Rivera*] defendants"); *Rivera*, Opp'n Ex. 1, at *4.  Van Brunt therefore has not pled that she justifiably relied on the alleged 2015 omission by abandoning her foreclosure fight, and her fraud-based claims should be dismissed.

Causal Nexus.  Under the CFA, Van Brunt must "show there is a causal link between [her] loss and [defendant's] conduct that the CFA seeks to punish."  *Rudel Corp. v. Heartland Payment Sys., Inc.*, No. 16-2229, 2016 WL 4472944, at *5

---

[5] Van Brunt concedes that she "could not have reversed the sale in 2015" but claims she could have instead "sued Wells Fargo for monetary relief."  Opp'n at 20.

(D.N.J. Aug. 23, 2016).  Not only does Van Brunt's CFA claim fail because the HOA's foreclosure breaks the causal link between Wells Fargo's conduct and her alleged loss, *see supra* Section A, Van Brunt also does not allege she would have made (i) the necessary payments to qualify for a permanent modification, or (ii) all required payments under a permanent modification had she received one.  As she cannot allege a non-speculative causal nexus, her CFA claim should be dismissed.[6]

Heightened Pleading Standard.  Van Brunt's "details" of the alleged concealment (Opp'n at 4-5) are not facts, but conjecture and speculation, and should be dismissed.  Allegations based on these sources are "insufficient to meet the heightened pleading standard of Rule 9(b), or the *Twombly/Iqbal* [] standard, which requires more than speculation that discovery will lead to evidence to support a claim."  *See Fink v. Bishop*, No. 13-3370 (NLH), 2015 U.S. Dist. LEXIS 77589, at *4 (D.N.J. June 16, 2015) (dismissing fraud claim).  Moreover, Van Brunt's allegations are based not only on concealment (*contra* Opp'n at 4), but admittedly on misrepresentations as well, which are indisputably subject to the "stringent pleading restrictions" of Rule 9(b).  *See, e.g.*, FAC ¶¶ 69, 74; Opp'n at 6, 12.

## C.    Van Brunt's Implied Covenant Claim Should Be Dismissed

This District has rejected claims that a bank breached the implied covenant by failing to timely process a mortgage loan modification request.  *See Hernandez v.*

---

[6] The implied covenant and IIED claims should be dismissed for these same reasons.

*M&T Bank,* No. 15-cv-470 (KM), 2016 U.S. Dist. LEXIS 23936, at *6 (D.N.J. Feb. 25, 2016).   This authority makes clear that Van Brunt cannot base her implied covenant claim on such conduct: she cannot reasonably have expected the benefit of a trial modification under the Loan, *contra* Opp'n at 15, as "[a] creditor's duty to act in good faith does not encompass compromising its contractual rights in order to aid its debtor." *Hernandez,* 2016 U.S. Dist. LEXIS 23936, at *6 (lender does not "defeat the other party's contractual rights by declining to renegotiate the contract").

Tellingly, Van Brunt herself does not point the Court to a single case sustaining a breach of the implied covenant claim in the loan modification context, instead focusing on arguments excusing her own default.  *See* Opp'n at 14-18.  But Van Brunt cannot use her implied covenant claim to impugn Wells Fargo's right to foreclose under the express terms of the contract.  The New Jersey Supreme Court has held that "the implied covenant of good faith and fair dealing does not foreclose the [d]efendant from exercising its rights under the [contract] upon default by the [p]laintiff." *Biederman v. Mitsubishi Motors Credit of Am., Inc.*, 753 A.2d 1251, 1255 (N.J. Super. L. Div. 2000);[7] *accord Sons of Thunder v. Borden, Inc.*, 690 A.2d

---

[7] Van Brunt responds to the authorities cited by Wells Fargo only to point out immaterial distinctions (*e.g.* Opp'n at 17, failing to explain why Court should disregard New Jersey Supreme Court precedent because implied covenant pertained to automotive instead of residential loan).

575, 586 (1997) ("The implied covenant of good faith and fair dealing cannot override an express termination clause.").

Van Brunt's alternative arguments are specious.  Opp'n at 16-18.  Her own allegations undermine her excuse arguments, demonstrating that Wells Fargo treated Van Brunt's default as a "material breach" prior to denial (*contra* Opp'n at 16-17) by initiating foreclosure in November 2012 under the express terms of the contract[8] (FAC ¶ 41).  And even if true (it is not), her "dual tracking" argument (Opp'n at 25) is unavailing.  *See U.S. Bank N.A. v. Curcio*, 444 N.J. Super. 94, 113 (Super. Ct. App. Div. 2016) ("Our Supreme Court has held that practice is lawful in New Jersey.").  Van Brunt fails to plead an implied covenant claim under New Jersey law.

### D.    The IIED Allegations Fall Far Short of New Jersey's High Bar

"[A]s a threshold matter," *contra* Opp'n at 20, "New Jersey's exceedingly high bar for IIED," requires Van Brunt to demonstrate the alleged "extreme and outrageous" conduct was well beyond "unjust, unfair, and unkind."  *Hoffman v. Citibank, N.A.*, No. 3:16-cv-4491-BRM-LHG, 2018 U.S. Dist. LEXIS 148059, at *10 (D.N.J. Aug. 30, 2018) (Martinotti, J.) (dismissing IIED claim with prejudice).

A mistake, as committed by Wells Fargo here,[9] does not suffice to support an "extreme case[]" of outrageous conduct under New Jersey's "elevated threshold."

---

[8] *See* FAC Ex. 1 at 7-8; *see also* Mot. at 20-21.

[9] Van Brunt's contention that "[o]nly Wells Fargo's words" indicate that the error actually was a "mistake" flips the pleading burden on its head.  It is *Van Brunt's*

*Id.* at *55, *63 ("[E]ven if [defendant's] decision [to seek payment or foreclosure based on allegedly fraudulent mortgage] was wrong, it was not extreme or outrageous, and Plaintiff's claim fails as a matter of law.").   Nor does concealment (assuming Van Brunt had properly alleged it).  *See Gorodeski v. U.S. Bank N.A.*, No. 15-2271 (ES) (JAD), 2016 U.S. Dist. LEXIS 2862, at *17-18 (D.N.J. Jan. 11, 2016) (not outrageous to "conceal[] the fact that the Loan was securitized," such that plaintiff was "threatened with loss of the Property").   The insufficiency of the allegations here is no less glaring, as Van Brunt alleges, at best, the belated concealment of a trial modification erroneously denied to a borrower who was *years* behind on her monthly mortgage payments at the time of foreclosure.  *See* FAC ¶¶ 39, 43; RJN Ex. A (Foreclosure Compl.); *compare Fogarty*, 2015 U.S. Dist. LEXIS 23064, at *60-61 (not outrageous for servicer to notice intent to foreclose allegedly fraudulent mortgage where "delinquency of payments" was confirmed).

Van Brunt claims to have pled "extreme and outrageous" conduct by referencing "multiple government orders" and "multiple consent decrees" in the FAC, none of which are at issue in this case.  Opp'n at 21.  She argues these documents demonstrate "years of gross negligence and bad-faith" in which Wells

---

obligation to plausibly plead facts demonstrating that the calculation error was *not* a mistake, and that the alleged concealment was in deliberate disregard of borrowers Wells Fargo should have known had been impacted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  This she has failed to do.  *See* Mot. at 36; *supra* Sections B, D.

Fargo failed to prevent the calculation error.  *Id.*  Yet even if she could invoke previous unrelated conduct for this point (she cannot, *see infra* note 10), her IIED claim would still fail, as even tortious intent is insufficient in New Jersey to establish extreme and outrageous conduct.  *See, e.g., Mosley v. Del. River Port Auth.*, No. 99-4147 (JBS), 2000 U.S. Dist. LEXIS 22402, at *41 n.11 (D.N.J. Aug. 7, 2000).[10]

Van Brunt has not pled the requisite intent for her IIED claim.  Van Brunt argues that Wells Fargo "should have known that its actions would create a high probability that individuals like Van Brunt would lose their homes," Opp'n at 21, but she has not alleged facts suggesting Wells Fargo had any indication in 2015 that trial loan modifications had been erroneously denied, nor that her trial modification had been affected.  *See supra* Section B.  Van Brunt's own conclusory determination that Wells Fargo should have reached a particular decision does not render an erroneous denial outrageous.  *See Fogarty*, 2015 U.S. Dist. LEXIS 23064, at *62:

---

[10] Moreover, "the intentional conduct" must be "directed at the plaintiff."  *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 367 (1988).  Van Brunt does not allege any facts that would connect the past events to the calculation error in this case. Bootstrapping alleged past "compliance failures, government fines, and consent decrees" to her claim (FAC ¶ 95) cannot plausibly suggest that Wells Fargo's conduct in *this* case was either outrageous or directed at Van Brunt, as she was party to none of the alleged events.  *See Williams v. Wells Fargo Bank, N.A.*, No. 16-1003, 2016 WL 4370033, at *3 (D.N.J. Aug. 9, 2016) ("a consent decree is not enforceable . . . by those who are not parties to it").  Likewise, Van Brunt's assertion that Wells Fargo "put profits before the law," Opp'n at 19 n.1, even if true, falls short of outrageous conduct because "an improper purpose does not give rise to an actionable [IIED] claim."  *Marrero v. Camden Cty. Bd. of Soc. Servs.*, 164 F. Supp. 2d 455, 479 (D.N.J. 2001).

> The only support Plaintiff marshals for the outrageousness of [defendant's] actions is her conclusion that it *should* have reached the same conclusion she did with respect to the fraud claim, in light of the available evidence. But, even assuming . . . [defendant] should have determined that the [] Mortgage was obtained fraudulently, its failure to do so is not sufficiently outrageous.

Because Van Brunt has failed to plausibly plead "extreme and outrageous" and "intentional" conduct, her IIED claim should be dismissed.

### E.   Van Brunt's Economic Loss Arguments Are Futile

To avoid the economic loss doctrine, Van Brunt attempts to conjure a legal "duty of care" from an amalgamation of her own hardships and the unrelated consent orders referenced in the FAC. Opp'n at 23. However, the FAC does not even attempt to allege a non-contractual legal duty owed by Wells Fargo now that Van Brunt has appropriately withdrawn her deficient negligence claims. *Id.*[11] And the Opposition fails to identify any other basis for such a duty. *See generally* Opp'n at 22-26; *see also Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009). Further, as Van Brunt's own case law illustrates, courts only need to engage in fairness- and policy-based tests when there is a "question" as to whether an independent legal duty exists. *See, e.g., Carter Lincoln-Mercury, Inc., Leasing Div. v. EMAR Grp., Inc.*, 638 A.2d 1288, 1295 (N.J. 1994). There is no such question in this case, because this District has consistently reinforced the rule

---

[11] This alone warrants dismissal of the remaining tort claims under the economic loss doctrine. *See Kraft v. Wells Fargo & Co.*, No. 16-cv-05729, 2019 U.S. Dist. LEXIS 127579, at *16 (D.N.J. July 31, 2019) (Martinotti, J.).

that, when processing a request for a loan modification, "[a] bank does not take on a specific independent duty imposed by law, and thus, the bank is not liable in tort to the borrower." *Marias v. Bank of Am., N.A.*, No. 14-4986 (RBK/JS), 2015 U.S. Dist. LEXIS 86121, at *8-9 (D.N.J. July 1, 2015); *see also* Mot. at 29-31, 33-36.[12]

Van Brunt cannot avoid the doctrine by claiming she "will be left without a remedy." *See* Opp'n at 24.[13]  New Jersey law excepts only foreseeable *third parties* from the economic loss bar, reasoning there is no contractual remedy because "no prior relationship existed between the [parties]," and "no contract defined the obligations of the parties." *Pim Brands LLC v. Cabot Acquisition, LLC*, 2008 N.J. Super. Unpub. LEXIS 3075, at *29 (Super. Ct. Nov. 21, 2008); *see also Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 317 (2002); *contra* Opp'n at 24 (citing *Lone Star Nat'l Bank, N.A. v. Heartland Payment Sys.*, 729 F.3d 421, 426 (5th Cir. 2013) (economic loss doctrine did not bar negligence claim of issuer banks which were not parties to vendor agreement between acquirer banks and credit card companies and

---

[12] Should the Court consider Van Brunt's balancing test (Opp'n at 24), it should reject out of hand her arguments concerning bargaining power (*id*. at 25) and the expansion of tort liability (*id*. at 22), as they are tellingly based on, respectively, out-of-circuit precedent (applying California common law and HBOR, a California-specific statute) and out-of-circuit precedent citing a Third Circuit dissent.

[13] Nor does alleging "non-pecuniary damages" in the form of emotional distress and damage to her credit save Van Brunt's tort claims from the economic loss bar. *Contra* Opp'n at 24.  Indeed, "it is axiomatic that a plaintiff may not recover for emotional distress" on a claim arising out of a contractual relationship; this "proposition lies at the heart of the economic loss doctrine." *Martino v. Everhome Mortg.*, 639 F. Supp. 2d 484, 494-95 (D.N.J. 2009).

would have no remedy if not in tort)).  By contrast, Van Brunt undisputedly had a contractual relationship with Wells Fargo by virtue of the Note and Mortgage.  FAC ¶ 77; Opp'n at 14.  The non-statutory tort claims should be dismissed.

### F.    Van Brunt Is Not Entitled to Punitive Damages

Van Brunt insists that she is entitled to punitive damages for her common law fraud and IIED claims because "*[w]hatever the state of mind*, Wells Fargo has had too many chances to comply with government oversight."  Opp'n at 28.  Under New Jersey law, however, Van Brunt must plausibly plead Wells Fargo's intent to establish an entitlement to this extraordinary remedy: "Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like."  *Frungillo v. Imperia Entm't, Inc.*, No. 08-0908 (DRD), 2009 U.S. Dist. LEXIS 89863, at *11 (D.N.J. Sep. 28, 2009).  Van Brunt has not sufficiently alleged "actual malice," "a wanton and willful disregard," or any "added element of egregious conduct" because, as discussed *supra*, she has failed to plead that Wells Fargo acted intentionally or with deliberate disregard.  *See* N.J.S.A. 2A:15-5; *supra* Sections B, D; Mot. at 36-37.  This pleading failure precludes punitive damages on her tort claims.  *Tafaro v. Six Flags Great Adventure, LLC*, No. 17-5607, 2018 WL 1535289, at *8–9 (D.N.J. Mar. 29, 2018); *Buckley*, 111 N.J. at 369-370.

## <u>CONCLUSION</u>

For the foregoing reasons, the First Amended Complaint should be dismissed.

Dated:  November 6, 2019

*/s/ Heather Elizabeth Saydah*

Heather Elizabeth Saydah
Angela A. Smedley (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-5312
(212) 294-4700 ~ Fax
hsaydah@winston.com
asmedley@winston.com

Kobi Kennedy Brinson (*pro hac vice*)
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7747
(704) 350-7800 ~ Fax
kbrinson@winston.com

*Attorneys for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that copies of the foregoing WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS VAN BRUNT'S FIRST AMENDED COMPLAINT was served by notice of electronic filing and electronic mail on November 6, 2019 upon:

> Javier L. Merino
> DANNLAW
> 372 Kinderkamack Road, Suite 5
> Westwood, NJ 07675
> jmerino@dannlaw.com
>
> *Attorney for Kimberly Van Brunt*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  November 6, 2019

> */s/ Heather Elizabeth Saydah*
> Heather Elizabeth Saydah

17